WALTER F. COPELAND, Plaintiff, *v.* THE MELROSE NATIONAL BANK OF NEW YORK, Defendant.

Supreme Court, Bronx County, December 23, 1929.

*Tison & Melick* [*Harry C. W. Melick* of counsel], for the plaintiff.

*Breed, Abbott & Morgan* [*William L. Hanaway* of counsel], for the defendant.

HATTING, J. Under a written agreement of employment, the defendant employed the plaintiff in the capacity of fourth vice-president to assist in the management of the business of the defendant for a term of three years. The contract contained the provision in paragraph 5 thereof: " *Fifth.* The term of this contract shall be for three years from the 1 day of May, 1926, but in the event that this contract is terminated by the employer prior to the expiry date thereof, then the employer shall pay to the vice-president as liquidated damages a sum equal to the total compensation which he would receive under this agreement for the unexpired period thereof." The plaintiff rendered services in the employ of the defendant under the said contract from the date of the beginning thereof, May 1, 1926, to the 22d day of June,

1927, during which time he was compensated at the agreed rate of $8,000 per annum, and on which day the plaintiff was discharged from the said employment. The complaint alleges all the essential facts to sustain an action in contract, and the damages are measured under the provisions of paragraph 5 of the contract for which judgment is demanded.

Objection is directed to the complaint upon the contention of the defendant that the contract sued upon is *ultra vires* as in violation of the provisions of section 5136 of the Revised Statutes of the United States (U. S. Code, tit. 12, § 24), which define the corporate powers of associations with respect to National banks and their directors, and which provide, so far as is here material: " Corporate Powers of Associations.— Upon duly making and filing articles of association and an organization certificate a national banking association shall become, as from the date of the execution of its organization certificate, a body corporate, and as such, and in the name designated in the organization certificate, *it shall have power*— * * * *Fifth.* To elect or appoint directors, and *by its board of directors* to appoint a president, vice-president, cashier, and other officers, define their duties, require bonds of them and fix the penalty thereof, *dismiss such officers or any of them at pleasure, and appoint others to fill their places.*" It is the contention of the defendant that the provisions of the contract for three years of employment limit the powers of the directors to remove the plaintiff and are in violation of the quoted subdivision of the above-mentioned sections of the Revised Statutes, and that the contract sued upon is for that reason void as *ultra vires*. The defendant's first point that the discharge of the plaintiff must be presumed to have been pursuant to a resolution of the board of directors of the defendant bank, and the plaintiff's third point that the defendant is not estopped to deny its power to contract with the plaintiff and/or to plead that its contract was *ultra vires* may be conceded, but are immaterial to this application. As to the second point the contract is not in violation of section 5136 of the United States Revised Statutes (U. S. Code, tit. 12, § 24), more especially as paragraph 5 thereof reserved the right in the board of directors of the defendant to terminate the employment at pleasure and without cause. (*Rankin* v. *Tygard*, [C. C. A.] 198 Fed. 795, 799.)

The rule is also well settled that subsisting laws at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it. (*Trustees of Freeholders and Commonalty of Town of Brookhaven* v. *Smith*, 98 App. Div. 212.) There is nothing in the contract inconsistent with the defendant's

right under the United States Revised Statutes to remove the plaintiff at its pleasure, and the provision for compensation to the plaintiff in the event of such termination, however improvident, does not void the contract or limit the right of the board of directors to so act.

The motion for judgment dismissing the complaint will be denied. Settle order.